4/24/2026 2:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 114085292
By: Joshua Hall
Filed: 4/24/2026 2:51 PM

Cause No.

| | | |
|---|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| HOUSTON EMERGENCY AUTO RESCUE & TRUCKING, LLC, HOUSTON ARMADA, INC., DFW ARMADA, INC., ARQ ENTERPRISES, INC., RIDGEWAY TOWING INCORPORATED, and UNITED TOWING & TRANSPORT DALLAS, INC. | § § § § § § § | |
| | | _____ JUDICIAL DISTRICT |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, New York Marine and General Insurance Company ("Plaintiff" or "New York Marine"), by and through its attorneys, Mound Cotton Wollan & Greengrass, LLP, files this Original Petition against Defendants Houston Emergency Auto Rescue & Trucking, LLC, Houston Armada, Inc., DFW Armada, Inc., ARQ Enterprises, Inc., Ridgeway Towing Incorporated, and United Towing & Transport Dallas, Inc. (collectively, "Defendants"), and would respectfully show the following:

### I.    INTRODUCTION

1.    This is an action by New York Marine to obtain a judgment against Defendants for their failure to make the required payments due to New York Marine pursuant to Guaranty and Indemnification Agreements (the "Guaranties") that each Defendant executed for the benefit of New York Marine.

## II.    DISCOVERY CONTROL PLAN

2.    Plaintiff intends to conduct discovery in this case under a Level 2 discovery control plan as provided by TEX. R. CIV. P. 190.

## III.    REQUEST FOR DISCLOSURE

3.    Plaintiff requests that each Defendant disclose the information and materials listed in TEX. R. CIV. P. 194.2 within 30 days.[1]

## IV.    PARTIES & JURISDICTION

4.    Plaintiff New York Marine is a licensed insurance company organized under the laws of New York State, with its principal place of business located at 412 Mt. Kemble Avenue, Suite 300C, Morristown, New Jersey 07960. New York Marine is a wholly owned subsidiary of Coaction Specialty Insurance Group, Inc. f/k/a ProSight Specialty Insurance Group, Inc.

5.    On information and belief, Defendant Houston Emergency Auto Rescue & Trucking LLC is a Texas limited liability company with its principal place of business located at 619 W 27th Street, Houston, Texas 77008.

6.    On information and belief, Houston Armada, Inc. is a Texas corporation with a principal place of business located at 6942 Satsuma Drive, Houston, Texas 77041.

---

[1] A party must provide to the other parties, without awaiting a discovery request: (1) the correct names of the parties to the lawsuit; (2) the name, address, and telephone number of any potential parties; (3) the legal theories and, in general, the factual bases of the responding party's claims or defenses; (4) the amount and any method of calculated economic damages; (5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case; (6) a copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control and use to support its claims or defenses, unless the use would be solely for impeachment; (7) any indemnity and insuring agreements described in Rule 192.3(f); (8) any settlement agreements described in Rule 192.3(g); (9) any witness statements described in Rule 192.3(h); (10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills; (11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and (12) the name, address, and telephone number of any person who may be designated as a responsible third party. TEX. R. OF CIV. P. 194.2(b).

7. On information and belief, DFW Armada, Inc. is a Texas corporation with a principal place of business located at 105 Gay Street, Arlington, Texas 76010.

8. On information and belief, ARQ Enterprises, Inc. is a Texas corporation with a principal place of business located at 7508 Bluff Springs Road, Austin, Texas 78744.

9. On information and belief, Ridgeway Towing Incorporated is a Texas corporation with a principal place of business located at 5033 Callaghan Road, San Antonio, Texas 78228.

10. On information and belief, United Towing & Transport Dallas, Inc. is a Texas corporation with a principal place of business located at 2521 Oakland Avenue, Garland, Texas 75041.

11. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Pursuant to TEX. R. CIV. P. 47(c), New York Marine seeks monetary relief of $5,047,881.62.

12. The Court has personal jurisdiction over Defendants because Defendants are "at home" in Texas, as it is the State of their formation and/or principal place of business, and thus have continuous and systematic general business contacts with the forum.

13. Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) and (3) because a substantial part of the events giving rise to the claims occurred in Harris County, Texas, and it is the county of the principal place of business for Defendants Houston Emergency Auto Rescue & Trucking LLC and Houston Armada, Inc. Venue is also proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.005 for all Defendants as this action arises out of the same transaction, occurrence, or series of transactions or occurrences.

## V.    FACTS

14.    New York Marine entered into a Reinsurance Agreement with eCaptiv PC3-IC, Inc. ("PC3"), effective November 15, 2019, pursuant to which, PC3 is the reinsurer of certain insurance policies issued by New York Marine (the "Reinsurance Agreement").  *See* Exhibit 1.

15.    Under the Guaranties, Defendants individually guaranteed the "performance and obligations of [PC3] under the Reinsurance Agreement".  Exhibits 2–7, Attachment 1, ¶ 1.

16.    The Guaranties are payment guaranties, creating immediate liability upon PC3's default and do not import any condition precedent to the liability of Defendants.

17.    Specifically, the Guaranty Agreements all state as follows:

The Guarantor further agrees that it shall make directly to Company any payments, arising out of or relating in any way to the obligations and liabilities of Reinsurer arising from or relating to the Reinsurance Agreement and/or the subject insurance business produced thereunder, which the Reinsurer is unwilling or unable to make so that Company shall not be required to make any such payments without first being paid by Guarantor.  Any payment or payments required under this Agreement will be made by Guarantor within five (5) business days after its receipt of written notice from Company of a claim hereunder.  Guarantor further agrees that even if it disputes a claim hereunder, it shall first make such payment hereunder to Company and then dispute such payment.

18.    Plaintiff incorporates all definitions and terms of the Reinsurance Agreement and the Guaranty Agreements as if fully stated in this Original Petition.

19.    As of today, PC3's obligations to New York Marine pursuant to the Reinsurance Agreement are at least $5,047,881.62.

20.    New York Marine sought reimbursement for these amounts from PC3 pursuant to the Reinsurance Agreement.

21.    PC3 defaulted and failed to reimburse New York Marine in breach of the Reinsurance Agreement.

22. On January 30, 2026, New York Marine served on each Defendant a written notice of a claim in the amount of $5,047,881.62 under the Guaranties.

23. To date, each Defendant has defaulted on its obligations under the Guaranties.

## VI.  BREACH OF GUARANTY

24. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23.

25. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered damages, which, as of today, total at least $5,047,881.62.

## VII.  JURY DEMAND

26. Plaintiff hereby requests a trial by jury on all issues so triable.

## VIII.  CONCLUSION

WHEREFORE, Plaintiff requests judgment against Defendants in the full amount of the debt pursuant to the Guaranties, attorneys' fees and costs associated with this Action, and any other relief as the Court deems just.

Dated:  April 24, 2026

*/s/ Christina G. Jackson*

Christina G. Jackson
MOUND COTTON WOLLAN &
GREENGRASS LLP
Three Greenway Plaza, Suite 1300
Houston, Texas 77046
(281) 572-8350
cjackson@moundcotton.com

Guyon H. Knight (*pro hac vice* forthcoming)
Matthew G. Horowitz (*pro hac vice* forthcoming)
MOUND COTTON WOLLAN &
GREENGRASS LLP
One New York Plaza
New York, New York 10004
(212) 804-4200
gknight@moundcotton.com
mhorowitz@moundcotton.com

*Counsel for Plaintiff New York Marine and General Insurance Company*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Megan Heard on behalf of Christina Jackson
Bar No. 24110040
mheard@moundcotton.com
Envelope ID: 114085292
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 4/24/2026 3:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christina GJackson | | cjackson@moundcotton.com | 4/24/2026 2:51:13 PM | SENT |
| Guyon Knight | | GKnight@moundcotton.com | 4/24/2026 2:51:13 PM | SENT |
| Megan Heard | | mheard@moundcotton.com | 4/24/2026 2:51:13 PM | SENT |
| Matthew G.Horowitz | | mhorowitz@moundcotton.com | 4/24/2026 2:51:13 PM | SENT |
| Harold  Scheeren | | hscheeren@moundcotton.com | 4/24/2026 2:51:13 PM | SENT |